15 So.2d 913

## CROOKS v. STATE.

### 4 Div. 801.

Court of Appeals of Alabama.

Dec. 14, 1943.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was for "violating the prohibition law."

It, the prosecution, was begun and originated in the Dale County Court upon an affidavit and complaint, which was in words and figures as follows:

"County Court Complaint

"State of Alabama ⎫
"Dale County ⎭ County Court

"Before me, Frank O. Deese, Judge of the County Court of said County, personally appeared J. S. Pace, who being duly sworn, doth depose and say that he has probable cause for believing and doth believe that the offense of Violating the Prohibition Laws of Dale County, Alabama has been committed in said County by Jake Crooks within the last twelve months.

"J. S. Pace

"The above subscribed and sworn before me this 16th day of June, 1942.

"Frank O. Deese,

"Judge of County Court."

The trial in the county court resulted in the conviction of the defendant and he appealed to the circuit court, where he was tried and convicted upon a complaint filed by the circuit solicitor. In cases of this character a solicitor's complaint, while permissible, is not essential under the provisions of the Statute. Code 1940, Title 29, § 121; McGee v. State, 25 Ala.App. 3(5, 145 So. 587. However, in the instant case there was no authority either to try the defendant upon the original affidavit and complaint, nor upon the complaint filed by the solicitor; for under the proceedings disclosed by the record the circuit court had no jurisdiction to try this case upon appeal from the county court, as the original affidavit and complaint was totally void and of no force and effect. The Supreme Court of this State, in its wisdom, has definitely so held and declared. Slater v. State, 230 Ala. 320, 162 So. 130, 132.

Upon the identical proposition under consideration, the Supreme Court, after full discussion, said:

"We are impelled to hold that a blanket charge of violation of the prohibition law of Alabama as it now exists does not designate any distinct or specific offense by name or as known in common parlance. I: is equally applicable to any one of numer ous distinct offenses, some misdemeanois. some felonies, each depending on its owt state of facts. A charge of violating the law of the road, or the public health laws, would be equally specific. We must, there-fore, hold the affidavit void. * * *

"This want of an affidavit, the initial step in the prosecution, goes to the jurisdiction of the court. The court must take notice ex mero motu. * * *

"A complaint filed by the solicitor in the circuit court on appeal from a conviction in the county court in such case will not suffice to give the circuit court jurisdiction."

Under the governing Statute, the decisions of this court must conform to the decisions of the Supreme Court. We, therefore, hold that the initial affidavit and complaint in the county court was void; being void, no conviction upon said affidavit and complaint can be had in any court; and while this controlling point of decision has not been adverted to in briefs of respective counsel, it is the law that this court must take notice of the fact ex mero motu.

It affirmatively appears, from the record, that the offense complained of is now barred by the statute of limitations, rendering unnecessary the remandment of the case to the lower court. Hence an order is here entered dismissing this appeal, and discharging the defendant from further custody in this proceeding.

Appeal dismissed. Defendant discharged.