No. 44,496

STATE OF KANSAS, *Appellee*, v. MELVIN MINOR, *Appellant*.

(416 P. 2d 724)

Opinion filed July 14, 1966.

*Elmer C. Jackson, Jr.*, of Kansas City, argued the cause, and *Myles C. Stevens*, also of Kansas City, was with him on the brief for the appellant.

*James C. Thompson*, Assistant County Attorney, argued the cause, and

*Robert C. Londerholm,* Attorney General, and *Leo J. Moroney,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a conviction of manslaughter in the first degree.

The only question is whether the accused can be tried and convicted of first degree manslaughter without having been charged in the information with manslaughter in the first degree.

On the afternoon of August 8, 1964, Earl Lee Harris and Larry Harlin were killed by the collision of two automobiles on a bridge on North Tenth Street in Kansas City, Kansas. Melvin Minor was charged as the driver of one of these vehicles with two counts of manslaughter, which the state describes in its brief as manslaughter in the first degree.

On the 4th day of December, 1964, the defendant was bound over on such charges to the district court. His trial commenced on the 13th day of October, 1965, and the defendant pleaded not guilty.

There was evidence tending to show that the defendant was under the influence of intoxicating liquor, driving his vehicle somewhere between 70 and 80 m. p. h. on the wrong side of the road in a 30 m. p. h. speed zone.

At the trial of the case both the state and the defendant proceeded as if Count I of the information charged the defendant with manslaughter in the first degree. Larry Harlin, deceased, was riding in the defendant's vehicle when the collision occurred, and the defense at the trial was based on the ground that Larry Harlin was driving the defendant's automobile when the collision occurred. After all the evidence was presented, the trial court instructed the jury concerning manslaughter in the first degree. Despite conflicting evidence, the jury believed the testimony of the state's witnesses and found the defendant guilty of manslaughter in the first degree.

Appeal has been duly perfected raising alleged trial errors. In view of our decision these trial errors become immaterial.

Count I of the information reads as follows:

"Robert J. Foster, as County Attorney in and for the County of Wyandotte, in the State of Kansas, prosecuting for and on behalf of said State, within the County of Wyandotte, and in the name, and by the authority, and on behalf, of

the said State of Kansas, now, here, in and to the District Court of said County of Wyandotte, and State of Kansas, information gives that at said County of Wyandotte, State of Kansas, within the jurisdiction of this Court, on or about the 8th day of August, 1964, one Melvin Minor, did unlawfully, feloniously, wilfully, knowingly, negligently, and with culpable negligence run, drive, operate and manage a certain motor vehicle, to-wit: a 1964 Dodge 2 door hard top automobile, within the city of Kansas City, Wyandotte County, Kansas, at a rate of speed greater than is reasonable and proper, having no regard for the traffic and use of the road and condition of the road, driving in the wrong lane in an intoxicated condition, and at a rate of speed such as to endanger the life and limb of any person then and there being, and he, the said Melvin Minor, then and there unlawfully, wilfully, knowingly, negligently, and without design to effect death run against and into a 1963 Ford Tudor, operated by Earle Harrie [Harris], whereby Earl Harrie was thrown with great force and violence upon the ground and divers mortal wounds, bruises and contusions then and there inflicted upon the head and body of him, the said Earl Harrie, of which mortal wounds, bruises and contusions, the said Earl Harrie then and there died, and the death of him, the said Earl Harrie, as aforesaid, then and there being caused by the act, procurement and culpable negligence of him, the said Melvin Minor, contrary to the statutes in such cases made and provided."

Count II of the information was similarly worded, except that it attempted to charge the defendant with the death of Larry Harlin, a passenger in the defendant's vehicle, but it failed to allege that Larry Harlin died. The trial judge upon discovering this omission dismissed the second count on his own motion prior to trial.

Manslaughter in the first degree is defined in K. S. A. 21-407 as follows:

"The killing of a human being without a design to effect death, by the act, procurement or culpable negligence of another, while such other is engaged in the perpetration or attempt to perpetrate any crime or misdemeanor, not amounting to a felony, in cases where such killing would be murder at the common law, shall be deemed manslaughter in the first degree."

A brief study of Count I of the information will disclose that it does not follow the language of the statute, 21-407, *supra*, defining manslaughter in the first degree. Nowhere does the information allege that the killing described would be murder at the common law. At best, the information charges manslaughter in the fourth degree as defined in K. S. A. 21-420, but it cannot be commended as a model of the draftsman's art.

Thus, we have presented on appeal the conviction of the appellant for manslaughter in the first degree, upon a charge of manslaughter in the fourth degree.

It has been held by the United States Supreme Court that a con-

viction upon a charge not made would be sheer denial of due process under the Fourteenth Amendment to the Federal Constitution. (*De Jonge v. Oregon*, 299 U. S. 353, 81 L. Ed. 278, 57 S. Ct. 255; and see, *Cole v. Arkansas*, 333 U. S. 196, 92 L. Ed. 644, 68 S. Ct. 514; and *Thompson v. Louisville*, 362 U. S. 199, 4 L. Ed. 2d 654, 80 S. Ct. 624, 80 A. L. R. 2d 1355.)

It is essential to the validity of a sentence in a criminal action that the court pronouncing the sentence be an existing one, lawfully in session at the time of rendition, with jurisdiction over the person and the offense charged, and having power to pronounce the sentence imposed. (24 C. J. S., Criminal Law, § 1559, p. 389.) But a court must also have jurisdiction of the question which its judgment assumes to decide. (*Crawford County Comm'rs v. Radley et al.*, 134 Kan. 704, 8 P. 2d 386.)

In a criminal action pending in the district court, the information or indictment is the jurisdictional instrument upon which the accused stands trial.

Here the trial court had jurisdiction over the offense charged—manslaughter in the fourth degree—but it had no jurisdiction over manslaughter in the first degree—the question which its judgment assumed to decide—and it had no power to pronounce the sentence imposed.

In Kansas all crimes are statutory and the elements necessary to constitute a crime must be gathered wholly from the statute. Where an information, as here, fails to allege an essential element of manslaughter in the first degree, it cannot be cured by the court or the parties proceeding to trial as if the information did charge manslaughter in the first degree, and a judgment of conviction for manslaughter in the first degree based upon an information which does not charge such offense is void for lack of jurisdiction of the subject matter.

In *State v. Cimpritz*, 158 Ohio St. 490, 110 N. E. 2d 416, the Supreme Court of Ohio said:

"We find that the indictment involved in the instant case is deficient, ineffective and invalid. It stands to reason that a judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding. . . ." (p. 494.)

On appeal to this court where a search of the record discloses facts as heretofore related—that jurisdiction of the subject matter was not in law conferred upon the trial court—the presumption of

regularity and validity does not attach, and the judgment may be collaterally impeached. (49 C. J. S., Judgments, § 426c, p. 848.)

This court has repeatedly held that a judgment which is void for want of jurisdiction may be attacked at any time and may be vacated because it is a nullity. (*State v. O'Keith*, 136 Kan. 283, 15 P. 2d 443.)

While in the instant case we have a direct appeal from the judgment of conviction in the trial court, the appellant does not raise the jurisdictional defect as an attack upon the judgment of conviction. Can the Supreme Court raise the question on its own motion?

This court has repeatedly held that it may raise the question of its own jurisdiction to hear an appeal pending before it. (*State v. Combs*, 186 Kan. 247, 350 P. 2d 129.) It has also been recognized that the remedy of habeas corpus was available to the defendant in a criminal action where the information, the indictment or the proceedings were otherwise void so that the court acquired no jurisdiction of the person or the cause. (*James v. Amrine*, 157 Kan. 397, 140 P. 2d 362.)

The instant case is a good example where the validity of the judgment upon which the sentence is based could be successfully attacked on both constitutional and jurisdictional grounds in a proceeding under K. S. A. 60-1507.

The Alabama Court of Appeals in *Crooks v. State*, 31 Ala. App. 308, 15 So. 2d 913, said a blanket charge of violating the prohibition laws, without designating any specific offense, was void and did not give either the county court jurisdiction to try the defendant or the circuit court jurisdiction on appeal. The court on its own motion held that it was required to take notice of the lack of jurisdiction. In the opinion the court said:

"Under the governing Statute, the decisions of this court must conform to the decisions of the Supreme Court. We, therefore, hold that the initial affidavit and complaint in the county court was void; being void, no conviction upon said affidavit and complaint can be had in any court; and while this controlling point of decision has not been adverted to in briefs of respective counsel, it is the law that this court must take notice of the fact ex mero motu." (p. 309.)

A similar question was before the Missouri Court of Appeals in *State v. Taylor*, 323 S. W. 2d 534, and the court said a judgment, rendered in a civil, criminal or juvenile case, without a valid petition, information or affidavit, as the case may be, which is a statutory requirement for the commencement of the proceeding, is void for

the reason that the court has no jurisdiction. In the opinion the court said:

"Although neither of the briefs raises the question, we are, at the outset, confronted with a problem of jurisdiction which appears on the face of the record. Although appellant has not raised the question, we regard it as our duty to consider it *sua sponte*." (p. 536.)

We hold the Supreme Court may on its own motion search the record and take notice that a jurisdictional defect appears, disclosing that the trial court was without jurisdiction to enter a judgment of conviction for manslaughter in the first degree because the information did not charge such an offense; and where such defect appears this court has the duty to consider it.

Accordingly, the instructions given by the trial court concerning manslaughter in the first degree were erroneous; the jury's finding that the appellant was guilty of manslaughter in the first degree must be set aside; and the judgment of conviction of the appellant of manslaughter in the first degree must be set aside and vacated.

The judgment of the lower court is reversed.