No. 47,588

Danny Joe Wisner, *Appellant,* v. State of Kansas, *Appellee.*

(532 P. 2d 1051)

Opinion filed March 1, 1975.

*Jay H. Vader,* of Kansas City, argued the cause and was on the brief for the appellant.

*Dennis L. Harris,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Nick A. Tomasic,* district attorney, and *David P. Mikesic,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an appeal from an order of the district court denying defendant Danny Joe Wisner's motion for post-conviction relief, filed pursuant to K. S. A. 60-1507. Defendant was convicted by a jury of rape in violation of K. S. A. 21-3502, and sentenced to a term of not less than five years nor more than twenty years.

In the information filed by the state, defendant was charged with the crime of aggravated kidnapping. After presentation of the evidence the trial court instructed the jury that the crime of rape was a lesser included offense of the crime of aggravated kidnapping. The jury returned the verdict of guilty to the offense of rape.

Defendant rightfully contends that an accused is denied due process of law when he is convicted in a criminal action based upon a charge not made in the information. Procedural due process requires that a defendant have notice of a specific charge so that he has an opportunity to defend himself and be heard on trial of the issues raised by that charge. (*Cole v. Arkansas,* 333 U. S. 196, 92 L. Ed. 644, 68 S. Ct. 514.) In a criminal action the

information or indictment is the jurisdictional instrument upon which the accused stands and it follows that a judgment of conviction for an offense not charged in the information is void for lack of jurisdiction of the subject matter. (*State v. Minor,* 197 Kan. 296, 416 P. 2d 724; *DeJonge v. Oregon,* 299 U. S. 353, 81 L. Ed. 278, 57 S. Ct. 255.)

The constitutional right of the criminal defendant to be given notice of the charges against him does not prohibit the conviction of one found guilty of a lesser included offense of the crime charged in the information. It is reasoned that in the case of an included crime, the notice and charge on the greater offense as a matter of law includes notice of the included offense. (*Geitner v. State,* 59 Wis. 2d 128, 207 N. W. 2d 837.)

In accordance with these principles, K. S. A. 21-3107 (2) permits a defendant to be convicted of either the crime charged or of an included crime, but not both. A lesser included crime is defined in 21-3107 (2) as any of the following:

"(*a*) A lesser degree of the same crime;

"(*b*) An attempt to commit the crime charged;

"(*c*) An attempt to commit a lesser degree of the crime charged; or

"(*d*) A crime necessarily proved if the crime charged were proved."

In overruling defendant's motion to set aside and vacate the judgment, the district court relied upon provision (*d*) of that subsection to support its conclusion that the trial court did not err in instructing the jury that rape is a lesser included offense of aggravated kidnapping. In so doing, we conclude the district court misconstrued the applicable statutory provision and prior cases defining a lesser included offense.

A trial court's duty to instruct as to any lesser included offense is spelled out in K. S. A. 21-3107 (3). That subsection merely codified the existing law as expressed in *State v. Fouts,* 169 Kan. 686, 221 P. 2d 841. In substance, it provides the trial court has a duty to instruct the jury as to all lesser included crimes of which the accused might be found guilty "under the information of indictment and upon the evidence adduced."

Based on these statutory directives the state argues the trial court was justified in ruling that rape is a lesser included offense of aggravated kidnapping. The state contends the controlling factor in construing 21-3107 (3) is the consideration of the evidence adduced at trial, rather than the elements of the charge in the information or indictment. The state cites the case of *State v.*

*Brown,* 181 Kan. 375, 312 P. 2d 832, for the proposition that forcible rape itself constitutes bodily harm. This being true, it argues the reference to bodily harm in the aggravated kidnapping charge necessarily refers to rape. In effect, the state's contention is that rape is the equivalent of bodily harm and as a consequence it is a lesser crime of aggravated kidnapping.

On the other hand, defendant contends the lesser included offense of rape was not one of which the accused might be found guilty under the information. It is the argument of defendant that "under the information" as used in 21-3107 (3), means the greater offense must contain all the elements of the lesser to be considered a lesser included offense.

In *State v. Woods,* 214 Kan. 739, 522 P. 2d 967, we stated the test to be that if a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. Under this test, if the lesser offense requires proof of an element not necessary in the greater, the court should not instruct the jury that the defendant can be found guilty of the lesser offense.

The trial court in its instructions to the jury set out the elements of aggravated kidnapping and rape:

"Aggravated kidnapping is kidnapping, as defined in Section 21-3420, when bodily harm is inflicted upon the person kidnapped. The latter statute defines kidnapping as the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person and to inflict bodily injury or to terrorize the victim of another.

"If you find from the evidence beyond a reasonable doubt that the defendant committed an act of sexual intercourse with Jeri Luriee Flinn, a woman not his wife, and without her consent when her resistance was overcome by force or fear, then you may find the defendant guilty of rape."

While it is true that the state offered evidence of rape in the instant case to provide the factual element of "bodily harm" required by aggravated kidnapping, it is clear that rape is not a necessary element of the greater offense of aggravated kidnapping. For a lesser offense to be necessarily included in the offense charged it must be such that the greater offense cannot be committed without also committing the lesser. Obviously, it is possible to commit aggravated kidnapping without committing rape. The act of sexual intercourse is not a necessary element of aggravated kidnapping. (*State v. Schriner,* 215 Kan. 86, 523 P. 2d 703; *Sharp v. State,* 203 Kan. 937, 457 P. 2d 14; *State v. Brown,* supra.)

Accordingly, in the present case the trial court erred in instructing the jury that rape was a lesser included offense of the crime of aggravated kidnapping. This conclusion is not only consistent with the law of this state, but it is also in accord with the law in other jurisdictions. (See, *People v. Higgins*, 86 Ill. App. 2d 202, 229 N. E. 2d 161; *State v. Smith*, 55 Wis. 2d 304, 198 N. W. 2d 630; *Geitner v. State*, supra.) The trial court was without jurisdiction to find the defendant guilty of rape.

The judgment of the district court is reversed, and the trial court is directed to discharge the defendant.