(687 P.2d 29)
No. 56,374

STATE OF KANSAS, *Appellee,* v. KENNETH W. SHOFLER, *Appellant.*

Opinion filed September 6, 1984.

*Curtis E. Watkins* of Geisert, McKenna & Watkins, P.A., of Kingman, for the appellant.

*Larry T. Solomon,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, P.J., ABBOTT and SWINEHART, JJ.

BRISCOE, J.: Kenneth Shofler, the defendant, appeals a conviction of obstructing legal process or official duty (K.S.A. 21-3808).

On October 19, 1982, a Kansas highway patrolman stopped a pickup truck on Highway 54 in Kingman County for speeding. Ronald Shofler, the defendant's brother, was driving; the defendant was a passenger. Ronald Shofler was arrested for driving under the influence, driving with a suspended license, and speeding.

After noting defendant's movement in the truck during the arrest of defendant's brother, the officer returned to the truck and asked the defendant to step out. As the defendant left the truck, the officer observed two open bottles of beer in the passenger compartment. He also saw a studded dog collar, a carpet knife, and what appeared to be a billy club, all of which he believed were weapons. The officer then opened the glove compartment where he found a plastic bag containing a green leafy substance. Upon inquiry, neither brother acknowledged ownership of the bag. The officer then arrested both for possession of marijuana.

Although the defendant was not handcuffed, he was placed in the back seat of the officer's car along with the bag, collar and club. His brother, who was handcuffed, rode in the front on their return to Kingman.

As they neared Kingman, the officer saw the defendant move toward the middle of the back seat. The officer ordered the defendant to stop moving around because the officer's rifle was in the back and the defendant's movement was making him nervous.

The defendant continued to move about in the back seat. When the officer saw him roll down the window and grab for something, he stopped the car. The defendant then grabbed the bag, jumped out of the car, and ran down the highway, scattering the contents of the bag to the wind. The officer caught up to the defendant after the bag was empty.

At the conclusion of this scenario, the defendant was charged with escape from custody (K.S.A. 21-3809), obstructing legal process or official duty (K.S.A. 21-3808), and unlawful walking in a roadway (K.S.A. 8-1537). He was tried only on the obstructing legal process charge. The jury found him guilty and the court sentenced him to 90 days in jail, followed by two years of probation.

The defendant raises five issues on appeal. We need not reach these issues, however, as we find the trial court was without subject matter jurisdiction.

A highway patrol "Uniform Notice to Appear and Complaint" was used in this case to charge defendant with violation of K.S.A. 21-3808, obstructing legal process or official duty. Under K.S.A. 8-2106, an officer may issue a notice to appear for misdemeanor traffic violations. This abbreviated notice and complaint is insufficient to charge the violation of K.S.A. 21-3808.

K.S.A. 22-3201(2) provides:

"The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense. An indictment shall be signed by the foreman of the grand jury. An information shall be signed by the county attorney, the attorney general, or any legally appointed assistant or deputy of either. A complaint shall be signed by some person with knowledge of the facts. Allegations made in one count may be

incorporated by reference in another count. The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall be not ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant."

The notice and complaint used here did not recite the language of the statute and failed to allege any of the "essential facts constituting the crime charged."

A complaint that fails to allege facts constituting a crime is fatally defective and a conviction based upon it is void for lack of subject matter jurisdiction. *State v. Robinson, Lloyd & Clark,* 229 Kan. 301, 304-05, 624 P.2d 964 (1981); *State v. Howell & Taylor,* 226 Kan. 511, 513-14, 601 P.2d 1141 (1979); *Wisner v. State,* 216 Kan. 523, 524, 532 P.2d 1051 (1975); *State v. Minor,* 197 Kan. 296, 299, 416 P.2d 724 (1966). A complaint that omits a single essential element is fatally defective. See *State v. Howell & Taylor,* 226 Kan. at 513-14; *State v. Minor,* 197 Kan. at 299. Here, the complaint alleged no facts, omitting all elements of the crime.

Although the defendant has not directly argued that the complaint failed to charge a crime, the defect is jurisdictional and the reviewing court has a duty to address the issue on its own motion. *State v. Minor,* 197 Kan. at 300-01. See *City of Overland Park v. Barron,* 234 Kan. 522, Syl. ¶ 1, 672 P.2d 1100 (1983); *Tuscano v. State,* 206 Kan. 260, 266, 478 P.2d 213 (1970). K.S.A. 22-3208(3) provides in pertinent part: "Lack of jurisdiction or the failure of the complaint, information or indictment to charge a crime shall be noticed by the court at any time during the pendency of the proceeding."

The jury's finding that the defendant was guilty of obstructing legal process is set aside, and the defendant's conviction is set aside and vacated.

The judgment of the trial court is reversed.