(733 P.2d 1273)
No. 59,101

CITY OF KANSAS CITY, KANSAS, *Appellee,* v. RONNELL A. CARLOCK, *Appellant.*

Opinion filed March 19, 1987.

*J. R. Russell,* of Kansas City, for appellant.

*J. Dexter Burdette* and *Robert E. Jenkins,* assistant city attorneys, for appellee.

Before BRAZIL, P.J., MEYER, J., and PAGE W. BENSON, District Judge, assigned.

BENSON, J.: On July 26, 1985, Ronnell A. Carlock (defendant-appellant) was charged with two violations of Kansas City, Kansas, municipal ordinances upon the complaint of a city zoning inspector. Ordinance numbers cited were 27-41.2A and 27-41.3F. A third charge, violation of Municipal Ordinance 21-29, was apparently added by oral amendment. Carlock was found guilty of all three charges in municipal court and was fined $1,500. He filed a timely notice of appeal to the district court.

The district court found Carlock guilty of violating municipal ordinances 21-29-4, 27-41.2A(2), and 27-41.3F. He was fined $500 on each count and was sentenced to 90 days in the city jail. The court stated it would suspend the jail sentence if Carlock cleared his property within 30 days. Carlock appealed in a timely fashion contending there was not sufficient evidence for the trial court to enter a finding of guilty on all three charges and that the district court exceeded its statutory authority by ordering Carlock to close his business.

Although Carlock has not argued that the complaint failed to charge a crime, and in effect by argument attempted to waive this question, such a defect is jurisdictional and we have a duty to address the issue. *State v. Minor*, 197 Kan. 296, 300-01, 416 P.2d 724 (1966).

The instrument charging Carlock with violating the city ordinances at issue is the misdemeanor summons and complaint ticket. The offenses committed by Carlock were not listed on the pre-printed ticket. The following printed language appears on the ticket followed by a blank space: "For violations city ordinances of Kansas City, Kansas, not listed above, use this section." In this instance the blank was completed with the following: "27-41.2A [&] 27-41.3F; 21-29 cars oral amendment." Nothing else relating to the charges is to be found in the misdemeanor summons and complaint ticket.

K.S.A. 1986 Supp. 12-4113(g) defines a municipal court complaint as "a sworn written statement . . . of the essential facts constituting a violation of an ordinance." K.S.A. 1986 Supp. 12-4205 states that the complaint and notice to appear may be made in the form of the uniform complaint and notice to appear provided in the statute. Such complaint and notice shall be deemed sufficient if followed substantially in the same form. The uniform complaint and notice to appear form as set forth in the statute is substantially similar to the misdemeanor summons and complaint ticket issued to Carlock.

"A complaint must be stated with enough detail to inform the defendant of the criminal act with which he is charged. *City of Altamont v. Finkle*, 224 Kan. 221, 223, 579 P.2d 712 (1978), quoting *State v. Williams*, 196 Kan. 274, 285, 411 P.2d 591 (1966)." *State v. Hanks*, 10 Kan. App. 2d 666, 671, 708 P.2d 991 (1985), *rev. denied* 238 Kan. 878 (1986). In *State v. Shofler*, 9 Kan. App. 2d 696, 698, 687 P.2d 29 (1984), the court noted that a complaint must allege the facts which constitute a crime:

"A complaint that fails to allege facts constituting a crime is fatally defective and a conviction based upon it is void for lack of subject matter jurisdiction. *State v. Robinson, Lloyd & Clark*, 229 Kan. 301, 304-05, 624 P.2d 964 (1981); *State v. Howell & Taylor*, 226 Kan. 511, 513-14, 601 P.2d 1141 (1979); *Wisner v. State*, 216 Kan. 523, 524, 532 P.2d 1051 (1975); *State v. Minor*, 197 Kan. 296, 299, 416 P.2d 724 (1966). A complaint that omits a single essential element is fatally

defective. See *State v. Howell & Taylor*, 226 Kan. at 513-14; *State v. Minor*, 197 Kan. at 299."

As *State v. Hanks* demonstrates, these standards apply when a defendant is charged with violating a city ordinance. In *State v. Shofler*, the standards were applied to a highway patrol "uniform notice to appear and complaint" issued for a misdemeanor traffic violation.

The complaint issued alleged no facts and omitted all elements of the crime. Since the complaint charging Carlock was fatally defective, his conviction is void for lack of subject matter jurisdiction and no amount of ratification or acknowledgment can breathe any legal life into a void act or nullity.

Reversed.