(913 P.2d 617)

No. 71,901

STATE OF KANSAS, *Appellee*, v. MICHAEL H. BOYLE, *Appellant.*

—

Opinion filed February 2, 1996.

*Steven G. Sakoulas*, of Bortnick, Komoroski, McKeon & Sakoulas, of Kansas City, Missouri, for appellant.

*Stephen M. Howe*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ROYSE, P.J., PIERRON, J., and JAMES J. NOONE, District Judge Retired, assigned.

ROYSE, J.: Michael H. Boyle appeals his conviction for driving under the influence in violation of K.S.A. 8-1567. He argues the traffic citation was fatally defective, because it did not allege facts constituting a crime, as required by K.S.A. 22-3201(2). The State responds that the controlling statute is K.S.A. 8-2106(b), not 22-3201(2). The relation between these statutes is a question of first impression.

On May 25, 1993, Boyle received a traffic citation from Johnson County Sheriff's Deputy Mark Rokusek. The citation was marked "DUI" and listed "Section No. K.S.A. 8-1567." (See appendix.) Boyle was tried and convicted in traffic court of driving under the influence. He appealed to the district court and, following a trial de novo, he was convicted of driving under the influence. Boyle

moved for an order arresting judgment, arguing that the complaint was insufficient to invoke the district court's subject matter jurisdiction, because the complaint did not allege facts constituting a crime. The district court denied Boyle's motion and he appeals.

It is a fundamental rule of statutory construction, to which all others are subordinate, that the intent of the legislature governs when the intent can be ascertained. *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992). "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." 250 Kan. 621, Syl. ¶ 2. It is not the function of the court to rewrite a statute under the guise of interpretation. See *Pestock v. State Farm Auto Ins. Co.*, 9 Kan. App. 2d 188, 189, 674 P.2d 1062 (1984).

K.S.A. 8-2106(a) authorizes a law enforcement officer to issue a citation for violations of the Uniform Act Regulating Traffic on Highways, including driving under the influence. K.S.A. 8-2106(b) sets forth the requirements for a citation:

"The citation shall contain a notice to appear in court, the name and address of the person, the type of vehicle the person was driving, whether hazardous materials were being transported, whether an accident occurred, the state registration number of the person's vehicle, if any, a statement whether the vehicle is a commercial vehicle, the offense charged, the time and place when and where the person shall appear in court, the signature of the law enforcement officer, and any other pertinent information."

A traffic citation issued by a law enforcement officer pursuant to and in compliance with 8-2106 serves as a valid complaint. K.S.A. 1992 Supp. 22-2202(8).

Boyle argues that a traffic citation must allege facts constituting a crime. He relies on 22-3201(2), which provides in part: "The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged." Boyle maintains that a traffic citation must satisfy the requirements of 22-3201(2). We disagree.

First, 8-2106 contains a clear statement of the requirements for a citation. The statute simply requires the officer to list "the offense charged." The statute does not require a statement of facts con-

stituting a crime. If the legislature had intended to require a factual statement, it could easily have done so—just as it did in 22-3201(2). It is not the function of this court to add a requirement not specified by the legislature.

Another applicable rule of statutory construction is that general and specific statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the specific statute will prevail unless it clearly appears the legislature intended to make the general statute controlling. *State v. Reed*, 254 Kan. 52, Syl. ¶ 1, 865 P.2d 191 (1993). K.S.A. 22-3201 governs the requirements for complaints used in criminal prosecutions generally. K.S.A. 8-2106(b) governs the requirements for a citation for traffic offenses. Absent legislative direction to the contrary, the more specific statute, 8-2106(b), controls this case. See K.S.A. 22-2408 (establishing procedure for use of a notice to appear in misdemeanor cases, except that K.S.A. 8-2104 through 8-2108 govern in cases involving traffic violations).

Boyle's argument that the requirements of 22-3201 should be grafted upon the requirements for a citation ignores 22-2202(8). That subsection provides in pertinent part:

" 'Complaint' means a written statement under oath of the essential facts constituting a crime, except that a citation or notice to appear issued by a law enforcement officer pursuant to and in compliance with K.S.A. 8-2106 and amendments thereto . . . shall be deemed a valid complaint if it is signed by the law enforcement officer."

The legislature, thus, has indicated that 8-2106 is the controlling provision with regard to the requirements for a citation in a traffic case. Under Boyle's interpretation, the entire "except" clause would become surplusage.

Boyle relies on *City of Kansas City v. Carlock*, 12 Kan. App. 2d 41, 733 P.2d 1273 (1987), to support his argument. Boyle's reliance on that decision is misplaced. Carlock was charged with violating several municipal ordinances. He received a citation which listed the ordinances he had allegedly violated. The court held that the citation did not comply with the statutory requirements for a municipal court complaint. The statutory requirements for a municipal court complaint which governed *Carlock* have no bearing on this

case. Moreover, after the *Carlock* decision, the legislature amended the Code for Municipal Courts to provide that a complaint and notice to appear shall be deemed sufficient if it contains the information required in 8-2106(b). K.S.A. 12-4205a.

The parties have also discussed *State v. Shofler*, 9 Kan. App. 2d 696, 687 P.2d 29 (1984). In *Shofler*, this court observed that the "abbreviated notice and complaint" authorized by 8-2106 is to be used for misdemeanor traffic violations. To charge obstructing legal process or official duty, the court held the complaint must satisfy the requirements of 22-3201(2). 9 Kan. App. 2d at 697-98. *Shofler* does not hold that the requirements of 22-3201(2) apply to a citation for a traffic violation properly issued under 8-2106.

In summary, 8-2106(b) requires that a citation set forth the offense charged. A citation need not allege facts constituting a crime, as required for a complaint under 22-3201(2). Because the citation in this case listed the offense charged, it satisfied 8-2106(b). The district court did not err in denying Boyle's motion to arrest judgment.

Boyle argues that under the state and federal Constitutions a charging document must apprise the accused of the nature of the allegations against him. The traffic citation in this case referred to 8-1567 and advised Boyle he was charged with "DUI." Boyle does not claim that he did not know what "DUI" meant, and he certainly never made such a claim in the proceedings below. While there certainly may be some abbreviations which are so obscure they could not be used to inform an accused of the charges against him, the abbreviation DUI has become an all too common part of our lexicon. See, *e.g.*, *State v. Mountjoy*, 257 Kan. 163, 176, 891 P.2d 376 (1995); *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 835, 888 P.2d 832 (1995); *Dickens v. Snodgrass, Dunlap & Co.*, 255 Kan. 164, 166, 872 P.2d 252 (1994); *State v. Binkley*, 20 Kan. App. 2d 999, 1000, 894 P.2d 907 (1995); *State v. Webb*, 20 Kan. App. 2d 873, Syl. ¶ 1, 893 P.2d 255 (1995); *Paletta v. City of Topeka*, 20 Kan. App. 2d 859, Syl., 893 P.2d 280 (1995); *State v. Cooper*, 20 Kan. App. 2d 759, 764, 892 P.2d 909 (1995); *State v. Mendoza*, 20 Kan. App. 2d 541, 545, 889 P.2d 1147 (1995). See also *People v. Boras*, 195 Ill. App. 3d 696, 553 N.E.2d 43 (1990)

(citation using "DWI" sufficient; abbreviation well defined and well understood). The citation in this case sufficiently apprised Boyle of the accusations against him.

Boyle's final argument is that the citation failed to disclose which of the five alternatives under K.S.A. 8-1567(a) the State would pursue. Boyle asserts that because the various subsections define the offense in terms of alcohol concentration in blood or breath, driving under the influence of alcohol, driving under the influence of drugs, or driving under the influence of a combination of alcohol and drugs, he was prejudiced by the failure of the State to cite to a specific subsection.

This argument is not persuasive. First, Boyle fails to provide any explanation or citation to the record to support his claim of prejudice. He has failed to establish that he was surprised or that he was prevented from preparing his defense. See *State v. Bird*, 240 Kan. 288, 295, 729 P.2d 1136 (1986), *cert. denied* 481 U.S. 1055 (1987). Certainly, the proceedings in traffic court would have fully informed Boyle of the evidence the State would rely upon to support the charge. Second, Boyle never requested a bill of particulars pursuant to K.S.A. 22-3201(5). His failure to do so waives the objection. *State v. Ribadeneira*, 15 Kan. App. 2d 734, 749-50, 817 P.2d 1105, *rev. denied* 249 Kan. 778 (1991); see *State v. Rasch*, 243 Kan. 495, 500, 758 P.2d 214 (1988); *State v. Jones*, 242 Kan. 385, 394-95, 748 P.2d 839 (1988).

Affirmed.

# APPENDIX

UNIFORM NOTICE TO APPEAR AND COMPLAINT

COUNTY SHERIFF DEPARTMENT
COMPLAINT

SHERIFF DEPARTMENT, JOHNSON COUNTY, KANSAS

Case No. 3T 05565    Docket No _____    Page No. _____

State of Kansas
County of _____ JOHNSON _____ } ss  1  of  2
                                    Number   Charges

In the _____ DISTRICT _____ Court of JOHNSON COUNTY

On the 25TH day of MAY, 1993 at 6:55 PM (Time)

The Undersigned, Being Duly Sworn Upon Their Oath, Deposes and Says

Name | B | O | Y | L | E | | | (Last)

MICHAEL H
(First)          (Initial)

Street Address 9710 W 91ST TR

City OVERLAND PARK    State KS    Zip 66212

Birth Date | 0 | 6 | 1 | 3 | 5 | 0 |    Race W    Sex M    Ht. 6'1"    Wt. 190

Dnv. Lic. State KS    No. 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

Did Upon Public Highway No. MISSION    At Milepost _____

(or other location) 4800 LAMAR

Did unlawfully Operate a Yr 76    Make OLDS    Type 2 DR

Year 93    State KS    License No DVE-028

and did then and there commit the following:

Speeding — Alleged Speed _____ M.P.H    Radar—Stopwatch Legal Speed _____ M.P.H    Aircraft—Pace _____ M.P.H

| Fail to Yield Right of Way | Drive Left of Center | Log Book Violation |
| Illegal Registration | Driver's License Violation | Equipment to wit' |

|  | YES | NO |
| Is vehicle commercial vehicle? | ☐ | ☑ |
| Were hazardous materials being transported? | ☐ | ☑ |
| Did accident occur? | ☐ | ☑ |

Operate a Vehicle While Under the Influence of Alcohol and/or Drugs

Other Violations'

DUI

Section No KSA 8-1567

Infraction ☐
Misdemeanor ☑
Felony ☐
Accident ☐

Rule No _____

Officer's Signature M. ROKUSEK    No. 139  Co. 70

JOHNSON COUNTY DISTRICT COURT
(Name of Court)    At OLATHE, KANSAS (City)

Appear before

On 9th day of JUNE 1993 at 9:00 AM (Time)

I promise to appear in said court at said time and place above for arraignment.

Signature X CONFINED JCADC

Bond Posted  ☐ Cash   ☐ D.L.   ☐ Bond Card No. _____

Amount $ _____    Location _____

I, the above officer, served a copy of the infraction citation upon the defendant. ☑

Name BOYLE (Last) MICHAEL (First) H (Initial)

17241

SF-116-A