Dan Stanley, Secretary Department of Administration State Capitol, Room 263-E Topeka, Kansas 66612-1572
Dear Secretary Stanley:
You request our opinion on whether Capitol Area Security Patrol (CASP) police officers and motor carrier inspectors are eligible or required to participate in the Kansas Police and Firemen's Retirement System (KPF). You explain that the Kansas Association of Public Employees has contended that CASP police officers should have been placed into KPF when they were transferred in 1976 from the Department of Administration to the Highway Patrol. The motor carrier inspectors were transferred to the Highway Patrol from the Department of Revenue in 1988. You ask three specific questions. First, were these employees properly continued in the Kansas Public Employees Retirement System (KPERS) upon transfer to the Kansas Highway Patrol or should they have been placed into KPF upon their transfer? Second, if they should have been placed into KPF at the time of their transfer, should that have been for future service only or should the employees' prior service also have been transferred into KPF? Third, if these employees should have been placed in KPF upon transfer, is legislative action needed to correct what did not occur at the time of transfer, or may the Kansas Highway Patrol administratively designate the employees as KPF eligible?
Officers and employees of the Capitol Area Security Patrol were transferred from the Department of Administration to the Kansas Highway Patrol in 1976 pursuant to K.S.A. 75-4503a which states in pertinent part:
 "Effective July 1, 1976, officers and employees who were engaged immediately prior to said date in the performance of powers, duties and functions of the capitol area security patrol, and who, in the opinion of the superintendent of the highway patrol are necessary to perform the powers, duties and functions of the capitol area security patrol shall become officers and employees thereof under the provisions of K.S.A. 75-4503, and shall retain all retirement benefits and all rights of civil service which such officer or employee had before July 1, 1976, and their services shall be deemed to have been continuous." (Emphasis added.)
The statute that transferred motor carrier inspectors from the Department of Revenue to the Kansas Highway Patrol in 1988 contained almost identical language regarding employee retirement benefits:
 "From and after the effective date of this act, all officers and employees of the department of revenue who are performing functions relating to the actual operation of motor carrier inspection stations within this state . . . and who, in the opinion of the superintendent of the Kansas highway patrol are necessary to perform the powers, functions and duties of the highway patrol are hereby transferred from the department of revenue to the highway patrol. All such officers and employees shall retain all retirement benefits and all rights of civil service which such officer or employee had before July 1, 1988, and their service shall be deemed to have been continuous. . . ." (Emphasis added.)[1]
Both KPERS and KPF are retirement plans administered by the Kansas Public Employees Retirement System. KPF was designed to meet the special needs of employees in public safety positions. Members of KPF may retire at age 55 rather than at age 65 as generally required by KPERS. In order to receive KPF benefits, an employee must be employed by a participating employer and must be an eligible employee. In 1968, the Kansas Legislature designated the Kansas Highway Patrol as a participating employer under KPF[2] and designated patrolmen employed by the Kansas Highway Patrol as eligible employees.[3] "Patrolmen" is defined as "all troopers, examiners and officers of the Kansas highway patrol, but shall not include the superintendent or administrative employees of the Kansas highway patrol. . . ."[4]
Additionally, at the time both of these employee groups were transferred to the Highway Patrol, K.S.A. 74-4973(d), repealed by L. 1998, Ch. 64, § 95, stated:
 "Every person who shall be employed as a patrolman on or after the entry date of the Kansas highway patrol in the Kansas police and firemen's retirement system shall become a member of the Kansas police and firemen's retirement system on the first day of such employment."
The fundamental rule of statutory construction is that the intent of the Legislature governs.[5] In construing statutes and determining legislative intent, a court may consider the purpose to be accomplished by the statute and the effect the statute may have under the various constructions suggested.[6] Further, the Kansas Supreme Court has recognized that "when a statute is ambiguous, the interpretation placed on it by an administrative agency whose duties are to carry the legislative policy into effect should be given great weight."[7]
Clearly, since their transfer to the Highway Patrol, CASP police officers and motor carrier inspectors have been employed by a KPF participating employer; but not all employees of the Kansas Highway Patrol are eligible for KPF benefits. Only employees employed as troopers, examiners and officers are within the definition of patrolmen. We do not opine whether CASP police officers and motor carrier inspectors fall within the definition of patrolmen; even if they do, we must still decide whether the Legislature by its language in K.S.A. 75-4503a and K.S.A. 66-1320
intended that CASP police officers and motor carrier inspectors remain in KPERS.
The statutes that transferred these employees to the Highway Patrol state that the employees shall retain all retirement benefits that they had before their date of transfer. All of these employees were in KPERS prior to their transfer and have remained in KPERS. KPERS' administrators, who carry this legislative policy into effect, have interpreted the transfer statutes to mean that these employees remain under KPERS. Additionally, the Legislature has at least twice considered and rejected requests by CASP police officers and motor carrier inspectors for transfer from KPERS to KPF. The Report on Kansas Legislative Interim Studies to the 1991 Legislature indicates that proposal number 40 directed the Special Committee on Ways and Means/Appropriations to review and recommend needed changes to the Kansas Public Employees Retirement System including consideration of requests of employee groups for transfer from KPERS to KPF. CASP police officers and motor carrier inspectors were among the numerous agencies and organizations who appeared before the Committee requesting transfer of membership from KPERS to KPF. The Committee's report concluded as follows:
 "The Committee spent considerable time reviewing requests of employee groups to transfer from KPERS to KPF. The Committee notes that the combined estimated annual cost for transferring the 2,538 FTE positions from KPERS to KPF (future service only) is $2,234,177. The Committee did examine the issues of stress, hazardous duty, physical requirements, and employee recruitment and retention as reasons for transferring from KPERS to KPF. However, after careful consideration the Committee does not recommend at this time the transfer of any employee group from KPERS to KPF."[8]
The Report of the Joint Committee on Pensions, Investments, and Benefits to the 1995 Kansas Legislature indicates that representatives of the CASP police officers and the motor carrier inspectors along with other groups appeared before the Committee requesting that they be included in the KPF system. The Joint Committee declined to recommend that either CASP police officers or motor carrier inspectors be added to the KPF system.[9]
While the above committee reports do not necessarily reflect the intent of the Legislature at the time of passage of the statutes that transferred CASP police officers and motor carrier inspectors to the Highway Patrol, they do indicate more recent legislative intent that these employees not be added to KPF. Additionally, if it was a mistake to keep these employees in KPERS at the time of their transfer to the Highway Patrol, the Legislature has turned down at least two opportunities to correct the mistake. Both legislative committees considered the additional cost of benefits under KPF, and it is reasonable to assume that the Legislature considered cost when these two employee groups were transferred to the Highway Patrol.[10]
It is our opinion that CASP police officers and motor carrier inspectors were properly continued in KPERS upon their transfer to the Kansas Highway Patrol. Because your second and third questions apply only if we reached a different conclusion on your first question, we do not address those questions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] K.S.A. 66-1320.
[2] L. 1968, Ch. 36, § 1 (codified at K.S.A. 74-4971).
[3] L. 1968, Ch. 36, § 3 (codified at K.S.A. 74-4973, repealed by L. 1998, Ch. 64, § 95).
[4] K.S.A. 74-4972.
[5] State v. Boyle, 21 Kan. App. 2d 944, 945 (1996).
[6] State v. Gonzales, 255 Kan. 243, 249 (1994).
[7] State, ex rel. Stephan v. Kansas Racing Commission,246 Kan. 708, 720 (1990).
[8] Report of Special Committee on Ways and Means/Appropriations re: Proposal No. 40 — KPERS — Retirement Issues, December 1990.
[9] Report of the Joint Committee on Pensions, Investments, and Benefits to the 1995 Kansas Legislature, December 1994.
[10] The Report on Kansas Legislative Interim Studies to the 1991 Legislature indicated that the employer contribution rate for KPERS was 3.1 percent while the average employer contribution rate for KPF was 7.8 percent. The Report of the Joint Committee on Pensions, Investments, and Benefits to the 1995 Legislature reported an employer contribution rate for Highway Patrol employees under KPF of 9.7 percent as opposed to an employer contribution rate of 3.2 percent for KPERS employees.