NOT DESIGNATED FOR PUBLICATION

No. 114,989

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REX WILLIAM ALLEN MILLS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed February 3, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  After pleading no contest to breach of privacy, Rex William Allen Mills appeals his conviction arguing the district court did not have subject matter jurisdiction because the complaint failed to allege an essential element of breach of privacy. Mills also argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it used his prior convictions to increase his sentence without proving those convictions to a jury beyond a reasonable doubt. We affirm.

1

On May 5, 2015, the State charged Mills with breach of privacy. The complaint alleged Mills installed or used a camera to videotape, film, photograph, or record B.R.H. and L.H. in a state of undress without their consent or knowledge with the intent to invade their privacy. According to the probable cause affidavit, B.R.H. located a spy camera in the bathroom of the residence he and his wife, L.H., shared with Mills. B.R.H. also located an SD card in Mills' bedroom containing videos of L.H. changing her clothes in their bedroom.

Mills pleaded no contest to breach of privacy. The district court sentenced Mills to 19 months' imprisonment. Mills timely appeals.

ANALYSIS

Mills argues the district court did not have subject matter jurisdiction to convict him because the complaint omitted an essential element of breach of privacy. For support, Mills relies on *State v. Minor*, 197 Kan. 296, 416 P.2d 724 (1966), *overruled by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), which held the charging document must allege every essential element of a crime in order to confer jurisdiction upon the courts. However, while Mills' case was on appeal, the Kansas Supreme Court overruled *Minor* in *Dunn*, stating:

> "Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does. Charging documents need only show that a case has been filed in the correct court, *e.g.*, the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." 304 Kan. at 811.

As a general rule, a decision overruling precedent is applied to all similar cases pending as of the date of the overruling decision. *State v. Nguyen*, 281 Kan. 702, 715, 133 P.3d 1259 (2006). Since the Kansas Constitution confers jurisdiction to adjudicate criminal cases, not the charging document, the district court had jurisdiction to convict Mills.

*State's Complaint*

*Dunn* recognizes three types of charging document defects, but none of these defects prevents or destroys the existence of a district court's or appellate court's subject matter jurisdiction over the criminal case. 304 Kan. at 815-16. Since each of the defects involves the interpretation of statutes, constitutional provisions, and/or written instruments, the standard of review for such challenges raised on appeal is de novo. 304 Kan. at 819.

The *Dunn* court held challenges to charging documents should be raised before the district court to preserve the issue and, if not raised below, the defendant must demonstrate an exception to the preservation rule. 304 Kan. at 818-19. The Kansas Supreme Court has identified three exceptions to the preservation rule:

> "(1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason." *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

As *Dunn* was filed after Mills submitted his brief, he does not identify an exception to the preservation rule in his brief. In addition, Mills has not identified an exception to the preservation rule in a letter of additional authority pursuant to Kansas Supreme Court Rule 6.09 (2015 Kan. Ct. R. Annot. 53). As such, Mills has not preserved

the issue. However, in *State v. Rist*, No. 113,173, 2016 WL 4161309, at *9 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* September 6, 2016, a panel of this court addressed the merits of this issue despite the lack of preservation because, "due to the timing of our Supreme Court's decision in *Dunn*, Rist was not aware of the application of Rule 6.02(a)(5) in a defective complaint challenge." Like the panel in *Rist*, this panel will address the merits of Mills' argument despite his failure to identify an exception to the preservation rule.

In *Dunn*, the Kansas Supreme Court

"identified three possible types of charging document insufficiency a criminal defendant may challenge. First, either a district or appellate court may be asked to decide whether the document shows that the Kansas constitutional minimums of correct court and correct territory are met. Second, a court may be asked to evaluate whether the document alleges facts about the intent and action on the part of the defendant that, if proved beyond a reasonable doubt, would constitute violation of a Kansas criminal statute. And, third, a court may be asked to determine whether the charging document meets federal and state constitutional standards for due process and notice, such that the defendant has an opportunity to meet and answer the State's evidence and prevent double jeopardy." 304 Kan. at 815.

Mills alleges the second type of error—failing to allege facts that describe a Kansas crime. This both impairs the invocation of jurisdiction and risks constitutional due process and notice issues, and requires earlier correction unless the issue is not preserved for review. 304 Kan. at 816-17. This type of error is subject to a harmlessness analysis under K.S.A. 2015 Supp. 60-261. 304 Kan. at 817.

In *Dunn*, the defendant was convicted of forgery for knowingly issuing or delivering a check made in violation of K.S.A. 21-3710. On appeal, Dunn argued the forgery count did not allege an intent to defraud, an essential element of forgery. The

4

Kansas Supreme Court concluded the State failed to charge forgery. 304 Kan. at 821. However, the Kansas Supreme Court concluded the failure to include an intent to defraud was harmless because Dunn and his trial counsel "clearly understood exactly what the State sought to prove on Count 8." 304 Kan. at 821.

Here, the State concedes it failed to include an essential element of breach of privacy because it did not allege Mills filmed B.R.H. and L.H. under circumstances in which they had a reasonable expectation privacy. However, this failure was harmless. First, the probable cause affidavit was filed at the same time as the complaint. The affidavit indicates a spy camera was pointed at the shower B.R.H. and L.H. used and videos of L.H. changing her clothes in her bedroom were found on an SD card in Mills' bedroom. Second, the probable cause affidavit is also included with the plea documents. Finally, at the plea hearing, Mills indicated he read the complaint, understood the charges against him, told his attorney everything which could have caused the charges to be filed against him, and discussed the nature of the State's evidence. Mills also indicated he discussed any legal or factual defenses he might have with his counsel. Clearly, Mills understood what the State sought to prove for breach of privacy. The defective complaint did not impair his substantial right to a fair trial and was harmless.

*Sentence Increased Based on Criminal History*

Mills argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it used his prior convictions to increase his sentence without proving those convictions to a jury beyond a reasonable doubt. Pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), any fact that increases the maximum penalty a defendant may receive must be proved to a jury beyond a reasonable doubt. However, Mills acknowledges the Kansas Supreme Court rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). This court is duty bound to follow established precedent unless there is

5

some indication the Kansas Supreme Court is departing from its prior holding. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication the Kansas Supreme Court is departing from its holding in *Ivory*; therefore, the district court properly used Mills' criminal history to establish his sentence.

Affirmed.