NOT DESIGNATED FOR PUBLICATION

No. 120,635

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ISRAEL REYNA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 22, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.


PER CURIAM: Israel Reyna was convicted of four counts of aggravated indecent liberties with a child in 2007 and sentenced to life in prison without the possibility of parole for 25 years. He appealed, first to a panel of this court and then to the Kansas Supreme Court, but his convictions were affirmed. Reyna then filed a number of postconviction motions to correct an illegal sentence, but each was summarily denied and those denials also were affirmed on appeal. Most recently, Reyna filed a pro se motion seeking habeas corpus relief under K.S.A. 60-1507. The district court summarily denied the motion on grounds that Reyna failed to demonstrate the manifest injustice necessary to justify its untimeliness. Reyna appeals.

1

In 2007, Reyna was convicted of four counts of aggravated indecent liberties with a child and sentenced to life in prison without the possibility of parole for 25 years. Reyna filed a posttrial motion for a new trial and a motion for sentencing under the Kansas Sentencing Guidelines Act (KSGA), alleging that the State's failure to plead and prove Reyna's age, an element of the off-grid offense, required the court to sentence him under the KSGA rather than treating the convictions as off-grid felonies. The district court denied him relief. Reyna appealed, claiming the complaint upon which his convictions were based was defective because, while it identified him by name and year of birth, it did not specifically allege that he was over 18 years of age. *State v. Reyna*, 290 Kan. 666, 234 P.3d 761 (2010) (*Reyna I*). The complaint set out his year of birth, and he testified at trial that he was 37 years of age; however, the complaint did not allege as part of the charges of aggravated indecent liberties with a child that he was over the age of 18 at the time of the offenses, nor was the jury instructed to determine his age. The Kansas Supreme Court ultimately rejected Reyna's claim and affirmed both his convictions and his sentence. 290 Kan. at 690. That decision was handed down on June 11, 2010, and the mandate was filed with the Saline County District Court on July 9, 2010.

Almost two years later, on May 3, 2012, Reyna filed a pro se motion to correct an illegal sentence in which he, again, argued that the complaint upon which his convictions were based was defective because it failed to allege that he was over 18 years of age. The district court summarily denied the motion, finding that Reyna's arguments previously had been litigated, appealed, and decided by the Kansas Supreme Court. Reyna appealed, and a panel of this court affirmed the district court's ruling. See *State v. Reyna*, No. 108,874, 2013 WL 5870074, at *2 (Kan. App. 2013) (unpublished opinion) (*Reyna II*). That decision was handed down on October 25, 2013, and, after his petition for review to

the Kansas Supreme Court was denied, the mandate was filed with the Saline County District Court on October 28, 2014.

Reyna filed another pro se motion to correct an illegal sentence on September 11, 2014, where, for the third time, he argued that the complaint upon which his convictions were based was defective because it failed to allege that he was over 18 years of age. The district court initially denied Reyna's motion because it believed that his first motion to correct an illegal sentence was still on appeal. But after Reyna filed a motion to amend the judgment showing that the appeal on his first motion had ended, the district court issued a second order summarily denying Reyna's second motion. As with the first summary denial, the district court found that Reyna's claims already had been litigated and decided. Reyna appealed, and a panel of this court affirmed the district court's ruling. *State v. Reyna*, No. 115,276, 2016 WL 7178267, at *3-4 (Kan. App. 2016) (unpublished opinion) (*Reyna III*). That decision was handed down on December 9, 2016, and, after his petition for review to the Kansas Supreme Court was denied, the mandate was filed with the Saline County District Court on October 2, 2017.

On May 23, 2018, Reyna filed a pro se motion seeking habeas corpus relief under K.S.A. 2018 Supp. 60-1507. In that motion, which included a number of attachments, Reyna argued that he received ineffective assistance of counsel from every attorney that represented him at his trial and in his numerous appeals. And while he appeared to acknowledge that his motion was being filed out of time, he argued that it should be allowed to proceed to prevent a manifest injustice; namely that he was actually innocent because "[h]e was prosecuted and convicted by a defect[ive] complaint, information or indictment which [is incurable]." The district court disagreed, finding that Reyna failed to make a colorable claim of actual innocence. The district court also found that Reyna provided no explanation as to why he failed to file his motion within the one-year statute of limitations. For all of these reasons, the district court summarily denied and dismissed Reyna's motion, concluding that "[t]he motions, files, and records of the case

3

conclusively show that [Reyna] has exceeded the time limitations of K.S.A. 60-1507(f) and that dismissal of the action would not equate with manifest injustice." Reyna filed a pro se objection to the district court's findings of fact and conclusions of law under Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228) as well as a motion to alter or amend judgment to correct insufficient findings to facilitate appellate review under K.S.A. 2018 Supp. 60-259(a)(2). The district court denied both of these motions. Reyna now timely appeals.

ANALYSIS

Reyna argues the district court erred when it summarily denied his K.S.A. 60-1507 motion as untimely. A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

An appellate court's standard of review depends upon which of the three options a district court utilizes. Where, as here, the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

4

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2018 Supp. 60-1507(a), (f)(1). This one-year time limitation for bringing an action may be extended by the district court only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). To determine whether manifest injustice would exist without extension of the statutory time limitations, we are now limited to "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2018 Supp. 60-1507(f)(2)(A); L. 2016, ch. 58, § 2.

First, Reyna provides no explanation why his motion was not filed within the time limitations described in K.S.A. 2018 Supp. 60-1507(f). Because he failed to provide persuasive reasons or circumstances that prevented him from filing his 60-1507 motion within the time limitations, Reyna failed to meet the first factor. Second, although Reyna maintains his innocence, he does so unconvincingly. In his motion, Reyna claims that he "is actually innocent of the charges he was convicted of" because he "was prosecuted and convicted by defect[ive] complaint, information or indictment which [is incurable]." But as the State correctly notes, this argument was fully litigated, appealed, and decided by the Kansas Supreme Court in Reyna's direct appeal. See *Reyna I*, 290 Kan. at 674-82. And although that decision was later overruled by *State v. Dunn*, 304 Kan. 773, 813, 375 P.3d 332 (2016), the Kansas Supreme Court did so in a way that specifically rejects the actual innocence argument that Reyna makes here. Specifically, the *Dunn* court held:

> "The *Reyna* line of Jessica's Law cases challenging, for the first time on appeal, a charging document's omission of the defendant's age of 18 or over at the time of the crime provides a contemporary illustration of how today's rule should relieve analytical tension arising from [*State v.*] *Minor*[, 197 Kan. 296, 416 P.2d 724 (1966),] and [*State v.*] *Hall*[, 246 Kan. 728, 793 P.2d 737 (1990), *overruled in part on other grounds by Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003)]. We have recognized in such cases that the charging document did not include an allegation of the defendant's age, an element of the crime, but ultimately ruled that the omission did not prejudice the

5

defendant's rights as long as the evidence presented to the factfinder on that subject was overwhelming or undisputed. Under the rule we announce today, assuming a defendant succeeds in persuading us to reach the merits of the claim despite a lack of preservation in the district court, we would be more likely to hold that there is no charging document sufficiency problem in the first place. A complaint, indictment, or information that names a defendant or otherwise identifies him or her inherently includes his or her age on the date of the alleged offense. No question of adequate notice to the defendant of his or her own age on the given date is logically possible, and the charging document will have served its purpose of providing notice and a fair opportunity to defend. In other words, there would be no error and we would not reach the prejudice or harmlessness question. [Citations omitted.]" 304 Kan. at 813.

Therefore, despite his claims otherwise, Reyna has not shown that it was more likely than not that no reasonable juror would have convicted him. In sum, Reyna has not met the burden of showing us that manifest injustice will result without the extension of the time limitation to file his motion.

Affirmed.