(892 P.2d 909)
No. 70,748

STATE OF KANSAS, *Appellee*, v. LONNIE T. COOPER, *Appellant*.

Opinion filed March 31, 1995.

*Stephen C. Moss*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Brian L. Leininger*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LARSON, P.J., RULON and PIERRON, JJ.

RULON, J.: Lonnie T. Cooper, defendant, appeals his jury conviction of theft, a class E felony, in violation of K.S.A. 21-3701, claiming the district court erred by excluding evidence of defendant's out-of-court statement that he was intoxicated at the time of his arrest. We affirm.

The essential facts are undisputed:

On the evening of April 26, 1991, John Carpenter reported his car stolen. John Cosgrove, a police officer on duty that night, noticed someone driving a car with a broken window. Cosgrove determined such vehicle was Carpenter's stolen car. After a high-speed chase, the police eventually apprehended defendant in the stolen car.

Eventually, the State charged defendant with alternative theories of theft: either defendant obtained unauthorized control over the stolen car or defendant obtained control over the car with knowledge that such had been stolen by another. A jury convicted defendant of felony theft. At trial, Cosgrove testified the vehicle in question had an out-of-state license, a broken wing window, no keys, a broken steering column, and an open glove box with its contents strewn about the car, and that defendant was the only occupant. The only evidence of intoxication that came before the jury was Cosgrove's testimony that the odor of alcohol on defendant's breath was not enough to warrant a DUI investigation. Cosgrove further testified that defendant was coherent and functioning properly at the time of arrest, was not wobbling, and did not appear intoxicated.

Cosgrove further testified defendant was knocked unconscious when the car he was driving hit a bridge embankment as a result of the high-speed chase. According to Cosgrove, defendant regained consciousness by the time the police pulled him out of the car and placed him in handcuffs. Cosgrove additionally testified emergency personnel wanted defendant to go to the hospital, but defendant refused treatment.

Prior to the trial, defendant filed a pretrial motion seeking to admit into evidence his out-of-court statement to a police detective that he was intoxicated the evening of his arrest. Defense counsel further informed the district court that defendant planned to exercise his Fifth Amendment privilege against self-incrimination at trial. Defense counsel argued that because defendant's statement to the detective was a declaration against his interest, such statement qualified as an exception to the hearsay rule and could be admitted as evidence under K.S.A. 60-460(j). The court

found that defendant's statement was neither a statement against interest nor a confession and consequently was inadmissible hearsay.

## VOLUNTARY INTOXICATION

Defendant argues that his statement that he was intoxicated was admissible because such was evidence that his judgment and perceptions were impaired. According to defendant, he could not have possessed the mental state of mind to commit the crime of theft.

Voluntary intoxication is not a defense to a general intent crime, but such intoxication may be used to demonstrate a defendant's inability to form a particular state of mind necessary for a specific intent crime. *State v. Warren*, 252 Kan. 169, 174, 843 P.2d 224 (1992) (citing *State v. McDaniel & Owens*, 228 Kan. 172, 177, 612 P.2d 1231 [1980]). Theft is a specific intent crime. *State v. Keeler*, 238 Kan. 356, Syl. ¶ 2, 710 P.2d 1279 (1985).

Defendant contends that his pre-arrest statement to the police that he was intoxicated was a declaration against his interest and was admissible as an exception to the hearsay rule under K.S.A. 60-460(j). We disagree.

The district court concluded that defendant could not be present in the courtroom, elect not to testify and avoid cross-examination, and then take advantage of his previous out-of-court statement.

A district court has wide discretion in determining the admissibility of hearsay evidence under the declaration against interest exception. *State v. Thomas*, 252 Kan. 564, 572, 847 P.2d 1219 (1993) (citing *State v. Quick*, 226 Kan. 308, 317, 597 P.2d 1108 [1979]). Discretion is abused when no reasonable person would agree with the court. *State v. Baker*, 255 Kan. 680, Syl. ¶ 9, 877 P.2d 946 (1994).

K.S.A. 60-460(j) contemplates that certain out-of-court statements are admissible in court if the judge, using judicial discretion, finds that a proffered hearsay statement was at the time of assertion so far contrary to the declarant's interest or subjected the declarant to civil or criminal liability to the extent that a rea-

sonable person in declarant's position would not have made the statement unless he or she believed such statement to be true. *State v. Bird*, 238 Kan. 160, 174, 708 P.2d 946 (1985). In addition to meeting the requirements of K.S.A. 60-460(j), the offering party must also make a showing of trustworthiness by the declarant. *State v. Jones*, 246 Kan. 214, 219, 787 P.2d 726 (1990) (citing *Thompson v. Norman*, 198 Kan. 436, 443, 424 P.2d 593 [1967]).

Usually the declaration against interest exception, which is used in a criminal case, occurs when the defendant calls a witness who testifies that a third party has admitted to the crime of which the defendant is accused. *State v. Jones*, 246 Kan. 214; *State v. Jackson*, 244 Kan. 621, 772 P.2d 747 (1989); *State v. Haislip*, 237 Kan. 461, 701 P.2d 909, *cert. denied* 474 U.S. 1022 (1985); *State v. Prince*, 227 Kan. 137, 605 P.2d 563 (1980). The question here is whether defendant can use K.S.A. 60-460(j) to call a witness to testify to a statement made by this defendant, not a third party, that can now benefit defendant's defense, even though defendant exercised his Fifth Amendment rights and did not testify.

Defendant's argument that his statement to the police is a declaration against interest is an unsuccessful effort to get such statement before the jury. Unfortunately for defendant, other relevant exceptions to the hearsay rule do not apply either. First, K.S.A. 60-460(a) is not applicable because defendant has exercised his Fifth Amendment right not to testify and a previous statement of a person present requires the declarant to be available and subject to cross-examination. Second, K.S.A. 60-460(f) does not apply because defendant's statement was not a confession relative to the offense of theft. Third, the exception in K.S.A. 60-460(g) refers to statements that are made by one party against another party and here, those parties are one and the same.

Even if this court were to permit defendant to utilize the declaration against interest exception in this manner, defendant must still satisfy the requirements of K.S.A. 60-460(j). The declaration against interest hearsay exception is subject to the same limitations as the hearsay exception dealing with confessions. Under K.S.A. 60-460(f), a confession must be made when a person is

conscious and capable of understanding what he or she is saying and is free of threats or coercion. In addition to meeting the requirements of K.S.A. 60-460(j), the offering party must also make a showing of trustworthiness by the declarant.

Defendant contends that his out-of-court statement supports his theory of defense that he did not know the car was stolen when he acquired possession of such vehicle because his judgment and perceptions were impaired. Necessarily, if defendant argues that he was truly intoxicated when he made the challenged statement that he was intoxicated, then it is illogical for defendant to argue that he was conscious and capable of understanding what was said. If, on the other hand, defendant argues he was not intoxicated in order to utilize the declaration against interest exception, then defendant loses the argument that his judgment and perceptions were impaired.

Under the facts shown here, defendant fails the objective reasonable person test included in the statute. Passing this test closely parallels the necessity of a showing of trustworthiness by the declarant. Generally speaking, if a statement seems against the interest of the declarant, but upon a subsequent offer of proof of attending circumstances works to the declarant's advantage in other ways, such reduces the declarant's trustworthiness. Dombroff, Trial Hearsay: Objections and Exceptions, p. 206.1 (1994). Further, if a declarant has no good reason to believe that the assertion will bring harm, or believes the assertion is more likely to cause benefit rather than harm, such assertion will not be excepted from the hearsay rule. Binder, Hearsay Handbook, p. 527 (3d ed. 1991).

For instance, often a person will make an assertion admitting involvement in a lesser crime in order to deny involvement in a more serious crime. Such an assertion is not against declarant's penal interests. *U.S. v. Edwards*, 994 F.2d 417, 425 (8th Cir. 1993). In *Edwards*, when police discovered a large amount of cash in a codefendant's house, Edwards stated that he made private loans to other people, thus implying that he was involved in illegal loan sharking, rather than drug trafficking. The *Edwards* court held that under Fed. R. Evid. 804(b)(3) a reasonable person could

have made the statement and such was clearly exculpatory as to the more serious drug charges. 994 F.2d at 425.

Here, it is doubtful if defendant's statement contained the required showing of trustworthiness. To help make this determination, a district court may consider the nature and character of the statement, the person to whom it was made, the relationship of the parties, the probable motivation of the declarant in making the statement, and the circumstances under which such statement was made. *State v. Jones,* 246 Kan. at 219. At issue here is whether defendant knew that claiming intoxication could impair his knowledge that the car was stolen when he obtained control over the vehicle. Examining defendant's probable motivation in making the statement and the circumstances under which such statement was made demonstrate defendant's lack of trustworthiness.

Unfortunately, this court faces the obstacle in determining defendant's motive for claiming intoxication after he invoked his Fifth Amendment rights. There are several plausible explanations for defendant's probable motivation and circumstances that taint his trustworthiness. First, defendant's statement could have been an attempt to excuse his actions in fleeing the police in a stolen car. Second, defendant could easily have been admitting to a misdemeanor DUI to try to avoid prosecution for felony theft. Third, under the circumstances at the time of his statement, defendant knew he had given no blood, breath, or urine tests for alcohol and had not been given a ticket for DUI Last, it is unlikely that emergency personnel would have allowed defendant to sign a refusal of medical treatment if he was incapable of understanding what he signed.

Under the facts shown, defendant has not met the requirements of K.S.A. 60-460(j). The district court did not abuse its discretion in finding that defendant's out-of-court statement was not a declaration against interest under K.S.A. 60-460(j).

### DUE PROCESS

Finally, defendant contends his challenged statement is vital to his theory of defense and such exclusion violates his rights under the Fifth, Sixth, and Fourteenth Amendments to the United

States Constitution. Defendant argues that the district court's ruling infringes upon his Fifth Amendment rights by forcing him to choose between exercising his privilege against self-incrimination and presenting his theory of defense.

The State argues that if defendant is successful, he will be able to present his theory of defense in his own words without subjecting himself to cross-examination.

An exercise of discretion which results in an error of constitutional magnitude is serious and may not be held to be harmless unless this court is willing to declare a belief that it was harmless beyond a reasonable doubt. Before a court may declare the error harmless, the court must be able to declare beyond a reasonable doubt that the error had little, if any, likelihood of having changed the rest of the trial. *Saucedo v. Winger*, 252 Kan. 718, 732, 850 P.2d 908 (1993). Where evidence of guilt is of such direct and overwhelming nature that it can be said that the erroneous admission of certain evidence could not have affected the result of the trial, such admission is harmless error. *State v. Juarez*, 19 Kan. App. 2d 37, 41, 861 P.2d 1382 (1993) (quoting *State v. Thompson*, 221 Kan. 176, 183, 558 P.2d 93 [1976]).

The exclusion of evidence, which is an integral part of the theory of defense, violates the defendant's fundamental right to a fair trial. *State v. Bradley*, 223 Kan. 710, Syl. ¶ 2, 576 P.2d 647 (1978). Few rights are more fundamental than that of an accused to present witnesses in his own defense. *State v. Gonzales*, 245 Kan. 691, 699, 783 P.2d 1239 (1989) (citing *Chambers v. Mississippi*, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 93 S. Ct. 1038 [1973]). However, the right to present a defense is subject to statutory rules and case law interpretation of rules of evidence and procedure. *State v. Thomas*, 252 Kan. at 573.

There is overwhelming evidence against defendant. The stolen car had an out-of-state license plate, a broken wing window, no keys in the ignition, a broken steering column, and an open glove box with the contents strewn about the car, Officer Cosgrove testified defendant was the only occupant in the car after a high-speed chase with the police and that defendant was coherent and functioning properly at the time of the arrest. Furthermore, emer-

gency personnel determined defendant was conscious and coherent enough to have him sign a refusal of medical treatment form. And importantly, the only evidence before the jury of defendant's intoxication was Cosgrove's statement that defendant had an odor of alcohol on his breath, but such odor was not enough to warrant a DUI investigation.

In light of the overwhelming evidence against defendant, we conclude that even if the court erred by refusing admission of defendant's out-of-court statement, such error was harmless beyond a reasonable doubt.

Affirmed.