Barry Arbuckle Valley Center City Attorney 707 N. Waco, Suite 101 Wichita, Kansas 67203
Dear Mr. Arbuckle:
As City Attorney for Valley Center, Kansas, you request our opinion regarding the amount of reinstatement fee to be assessed pursuant to K.S.A. 1996 Supp. 8-2110(c) when charges are made in the alternative. You state that it is common practice to charge in the alternative when defendants are arrested for driving while under the influence (DUI) pursuant to K.S.A. 1996 Supp. 8-1567(a). [We note, however that citing each alternative under subsection (a) does not appear necessary in light of State v. Boyle, 21 Kan. App. 2d 944, 948 (1996).] You inquire whether the reinstatement fee should be assessed for each alternative charge when only one conviction, if any, will be obtained and the alternative charges dismissed or merged into one. [K.S.A. 8-2104 and22-2202 were amended in 1988 to allow issuance of citations for violation of K.S.A. 8-1567, the DUI statute, in response to the Kansas Supreme Court's decision in State v. Fraker, 242 Kan. 466 (1988). L. 1988, Ch. 50, §§ 2, 4. See Boyle, 21 Kan. App. 2d at 945.]
K.S.A. 1996 Supp. 8-2110 provides in part as follows:
 "(a) Failure to comply with a traffic citation means failure either to (1) appear before any district or municipal court in response to a traffic citation and pay in full any fine and court costs imposed or (2) otherwise comply with a traffic citation as provided in K.S.A. 8-2118 and amendments thereto. Failure to comply with a traffic citation is a misdemeanor, regardless of the disposition of the charge for which such citation was originally issued.
 "(b) In addition to penalties of law applicable under subsection (a), when a person fails to comply with a traffic citation, except for illegal parking, standing or stopping, the district or municipal court in which the person should have complied with the citation shall mail notice to the person that if the person does not appear in district or municipal court or pay all fines, court costs and any penalties within 30 days from the date of mailing, the division of vehicles will be notified to suspend the person's driving privileges. . . . .
 "(c) Except as provided in subsection (d), when the district or municipal court notifies the division of vehicles of a failure to comply with a traffic citation pursuant to subsection (b), the court shall assess a reinstatement fee of $50 for each charge on which the person failed to make satisfaction regardless of the disposition of the charge for which such citation was originally issued. . . ." (Emphasis added.)
Subsection (d) provides exceptions for payment of the reinstatement fee when failure to comply is due to certain military service.
When called upon to construe subsection (c) shortly after its enactment (L. 1985, Ch. 78, § 2,) then Attorney General Robert T. Stephan opined that if a traffic citation contains more than one charge, the reinstatement fee should be assessed on each of the charges, with the word "charge" being equivalent to "count."
 "While it is true that a license may be suspended only once, when the fee is viewed as a punitive measure, we believe the legislature intended to more strictly punish those individuals who fail to appear in response to a number of different counts, rather than a single count, which may be contained in a traffic citation." Attorney General Opinion No. 85-76 (emphasis added).
The opinion does not discuss charging in the alternative, and in fact describes the several counts as "different."
K.S.A. 1996 Supp. 8-2106 sets forth the required contents of a traffic citation, including "the offense or offenses charged." Pursuant to K.S.A. 1996 Supp.8-2110(c), the charges set forth in the traffic citation are what determine the amount of the reinstatement fee. How and what the prosecutor decides to ultimately charge is of no consequence. The fee is assessed only if the person fails to appear or otherwise comply with the citation. The fee is to be imposed whether the person is convicted or acquitted of any charges. However, it makes little sense to assess the fee for each charge listed in the alternative as the defendant will ultimately be called upon to satisfy only one. Charges made in the alternative are not separate, distinct counts, and therefore should not be considered as such for purposes of K.S.A. 1996 Supp. 8-2110(c).
In conclusion, the reinstatement fee imposed pursuant to K.S.A. 1996 Supp. 8-2110(c) for failure to comply with a traffic citation is based on the number of separate and distinct charges set forth in the citation. The court should assess $50 for each charge on which the person fails to comply, regardless of the final disposition of those charges, but if the citation contains alternative charges, the fee should be assessed for only one of such alternatives.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm